### STATUS OF FRATERNAL ORDER TRUSTEES.

Circuit Court of Summit County.

THE AKRON PRINTING & PAPER COMPANY v. THE SUPREME COUNCIL OF THE CHEVALIERS ET AL.

Decided, January, 1909.

*Trustees of Fraternal Order Not Personally Liable for its Debts.*

The provision of Section 3261, Revised Statutes, that the trustees of a corporation created for a purpose other than profit shall be personally liable for all debts of the corporation by them contracted, has no application to fraternal orders incorporated under the laws of the state.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

The plaintiff company seeks to subject the liability of trustees of the defendant fraternal order, which is insolvent, to the payment of its account against the order. Section 3261, Revised Statutes, provides that "the trustees of a corporation created for a purpose other than profit, shall be personally liable for all debts of the corporation by them contracted." The main issue is whether this general provision in the first chapter of Title II on Corporations applies to Sections 3631-11 to 3631-23a, in the tenth chapter of the same title, where the act respecting fraterna' orders (92 O. L., 360, replaced later by 97 O. L., 420) is inserted in Bates' Statutes.

Originally this act (92 O. L., 360) did not purport to stand related to any portion of the Revised Statutes, except that it provided negatively that fraternal orders should not "be required to make any report under this or any other section of the insurance laws," thereby referring evidently to said chapter 10 of Title II aforesaid, entitled "life insurance companies." It was plainly intended to be an independent act for the government of fraternal beneficiary associations. And though the amended act (97 O. L., 420) refers expressly to the sectional numbers annexed by Bates' Statutes to the original act, we attach no importance to that circumstance. Any such association was by the act "declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries." It was further provided that "Each association shall have a lodge system, with ritualistic form of work and representative form of government, and may make provision for the payment of benefits," etc. For an existing unincorporated association the assumption of a technically corporate character under the act seems to have been optional, and the manner of corporate organization therein provided differs materially from that prescribed by the general corporation laws, though it is akin, at least, to that of non-stock corporations not for profit.

As to any association which should assume this corporate character, the provision of Section 3 of Article XIII of the Constitution, both before and since its recent amendment regarding the security to be prescribed by law for dues from corporations, was and is met by the requirement that the payments of benefits and expenses shall be made out of a separate fund "derived from assessments, dues, or other payments collected from its members." The amended act, it is true, expressly provides that officers shall not as such be personally liable for the payment of the benefits; and from this we are asked to infer that they are liable for expenses under Section 3261. While there is force in this argument, it has no application to the original act, and we think there is no sufficient intention manifested in the amended act to enlarge the liability in this behalf. On

the contrary, the provision in Section 1 of the original act, that "such associations shall be governed by this act" is amplified by Section 4 of the amended act so as more clearly to exclude the applicability of other laws by prefixing thereto the words "except as herein provided."

While the case before us is by no means so clear as *Bernard* v. *Schwartz et al*, 22 C. C., 147, and *The Mfr's Fire Ass'n of Akron et al* v. *The Lynchburg Drug Mills*, 8 C. C., 112, we nevertheless apply the rule laid down in those cases and hold that Section 3261 has no application to fraternal orders incorporated under these statutes.   The petition will be dismissed.